Common Pleas Court of Hamilton County.

GEORGE DIERSING, ADMR. V. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO. ET AL.

Decided December 1, 1933.

*L. J. Brumleve,* for the motion.
*B. S. Oppenheimer,* contra.

DARBY, J.

A motion for new trial in this case was filed, and later, by leave of court a supplemental motion was filed, charging misconduct on the part of jurors prejudicial to defendant, in support of which motion the affidavits of Mabel P. Lawwill, Thomas Stanton and William A. Wilson were filed.

The plaintiff filed a motion to strike these affidavits from the files on the ground that they were not receivable as evidence to impeach the verdict of the jury, though they were the affidavits of jurors who did not agree to the verdict.

The affidavits charge gross misconduct on the part of certain of the jurors during the period of deliberation upon

their verdict, and while the jurors were considering the case in the jury room.

No affidavit or evidence has been offered as to such claimed misconduct excepting the affidavits of the three jurors.

This court is bound by a long recognized rule that such affidavits may not be considered by the court in the absence of other evidence supporting the claim of misconduct.

*Kent* v. *State*, 42 O. S., 426 states the rule applicable in civil as well as criminal cases as follows:

"4. Where a juror in a criminal case makes no statement with respect to the matter on trial until the jury retires to deliberate on their verdict, and then makes to his fellow jurors a statement of matters alleged to be within his own knowledge, contradicting in an important particular the testimony of one of the defendant's witnesses, and the defendant is convicted, ground is afforded by such misconduct for a new trial, where the fact is properly made to appear; but the affidavits of jurors will not be regarded for the purpose of setting aside a verdict until misconduct of the jury is shown *aliunde*."

More recently this rule has been recognized in a case in which the affidavits of non-concurring jurors were offered. In *Schwindt* v. *Graeff*, 109 O. S., 404 the court says:

"The rule that the verdict of a jury may not be impeached by the evidence of a member of a jury is a common law rule founded upon public policy, and not upon the doctrine of estoppel, and the fact that a juror offering such impeaching evidence did not join in the verdict does not exempt such evidence from the operation of the rule. The legislature and not the courts is empowered to modify or abrogate the rule."

In rendering the last named decision the court was divided, and three judges dissented in a very strong opinion.

The latest expression however of the Supreme Court of Ohio on this subject is to be found in *Emmert* v. *State*, 127 Ohio St. 235 [O. L. B. & R. 12-25-33] the entire court concurring. In that case all of the decided cases are referred to, and the principal again recognized, but the particular point in the case was as to the reception of affidavits of jurors as to occurrences outside of the jury room, during

deliberation. The syllabus of that decision is in these words:

"Affidavits or testimony of jurors as to occurrences outside the jury room may be received upon motion for new trial, to prove unlawful communications made to members of the jury by court officers or others during the period of the jury's deliberation."

The affidavits tended to show improper communications and statements made by the officers in charge of the jury while going to and from the hotel where the jury was entertained, after the case had been submitted to the jury and before verdict.

The last case referred to therefore differs from the other cases in that the court holds that improper communications made to jurors, or influence attempted to be exerted upon them after they have begun their deliberations, and while they are away from the jury room, may be proven by the affidavits of the jurors to whom such communications were made, or who were sought to be influenced by such communications.

It would seem that if the juror could testify to such improper conduct on the part of an officer while the jury is not deliberating upon the case, although it has been charged with it, that it would be equally proper for a juror to testify to misconduct of a juror prior to the time of submission of the case to the jury.

In addition to the testimony as to the misconduct in the jury room, the affidavit of Mrs. Lawwill contains the following:

"This affiant further says that some time before the case had been submitted to the jury, the said E. H. Carlton (a member of the jury and who became its foreman) asked affiant if she had made up her mind about the case; that she replied that she had not done so, and did not intend to do so until all the evidence was in; and that the said Carlton replied that he had made up his mind less than four hours after the case had been begun."

The court is of the opinion that the evidence of Mrs. Lawwill as to the statements of the juror Carlton to her during the progress of the trial was proper to be received, as showing misconduct on the part of Carlton. If the statements are true, they constitute misconduct and dis-

obedience of the court's injunction not to discuss the case.

The sanctity of the jury room is not involved in that part of Mrs. Lawwill's affidavit.

The Emmert case, *supra*, holds that affidavits of jurors may be offered to show misconduct and improper communications by officers in charge of the jury when the jury is not actually in deliberation. Then it would surely follow that affidavits of jurors as to misconduct of another juror outside of the jury room are admissible. Therefore, the affidavit of Mrs. Lawwill, so far as it pertains to what occurred between her and Mr. Carlton outside of the jury room is proper evidence to be considered in the case.

Under the rulings of the Supreme Court however, that affidavits of jurors unsupported by other evidence as to the occurrences in the jury room may not be received, the court is constrained to hold that the motion to strike from the files the affidavits as to the occurrences in the jury room must be granted, but overruled as to the part of Mrs. Lawwill's affidavit as above set out.

Common Pleas Court of Montgomery County.

ESCANABA PAPER CO. V. IRA J. FULTON, ET AL.*

Decided April 12, 1933.

*McMahon, Corwin, Landis & Markham,* for plaintiff.

*Iddings & Iddings,* and *J. W. Bricker,* attorney general, for defendant.

*Affirmed by the Court of Appeals.